E. RICHARDSON *v.* J. H. D. BOWMAN.

1. REAL ESTATE: VENDOR AND VENDEE: VENDOR'S LIEN UPON A SALE OF A LEASEHOLD ESTATE.—The vendor of a leasehold estate in lands has an equitable lien on the estate in the hands of the purchaser for the unpaid purchase-money.

APPEAL from the Circuit Court of Rankin county. Hon. John Watts, judge.

Appellant filed his bill in the court below against appellee, alleging that on the 17th day of October, 1861, he conveyed to appellee an estate for ninety-nine years, from the 3d day of March, 1833, in certain lots of land situated in the town of Brandon; that appellee, in consideration of said sale, executed to him his three several promissory notes, by which he agreed to pay on the 1st of October, 1861, and 1862, and 1863, $1,000 in middling cotton, at ten cents per pound; that the first two notes were fully paid off, and the third due and unpaid. The bill prays that the land be sold, as prescribed by law, and the proceeds applied to the payment of the debt of appellant, which is a lien upon the same.

A demurrer was filed by appellee assigning, amongst other causes, " that no vendor's lien can arise· on a sale of a mere leasehold interest."

The demurrer was sustained by the court below, and the bill ordered to be dismissed. From this decision an appeal was taken to this court.

*W.* and *J. R. Yerger*, for appellant, cited *Warren* v. *Fern*, 28 Barbour's N. Y. R. 334; 2 Sugden on Vendors, 62; Story's Equity, 1217, 1218, 1221, 1222; *Elliott* v. *Edwards*, 3 B. & P. 181.

*Harper* and *Shelley*, for appellee, cited *McKieth* v. *Simmons*, 15 Vesey, 329; *Ware* v. *Washington*, 6 S. & M.

HARRIS, J., delivered the opinion of the court.

The point submitted for our decision in this case is, whether the vendor of *leasehold estate* in lands, has an equitable lien on the estate in the hands of the purchaser, for the unpaid purchase-money.

We are unable to discover any reason why the general rules applicable to the sale of real estate should be made to depend on the *quantity of interest* which the vendor has in the land. The principle upon which courts of equity have proceeded in establishing this lien, in the nature of trust is, that a person

who has gotten the estate of another, ought not in conscience, as between them, to be allowed to keep it, and not to pay the full consideration-money. 2 Story's Eq. Ju., page 666, section 1219. And Judge Story further says, that by the Roman law, from which the doctrine had its origin, it was equally applied to *movable* as to *immovable* property; and the close analogy, if not the absolute identity, of the English doctrine of the lien of the vendor with that of the Roman law of privilege, on the same same subject, seems to demonstrate a common origin; although in England the lien is ordinarily confined to cases of *immovables*.

Sir Edward Sugden, in his treatise on vendors, 2d volume, page 62, says: When a vendor delivers possession of an estate to a purchaser, without receiving the purchase-money, equity, whether the estate be or be not conveyed, and although there was not any special agreement for that purpose, and whether the estate be freehold or *copyhold*, gives the vendor a lien on the land for the money; and he subsequently cites and comments on the case of *Elliott* v. *Edwards*, at page 72, cited from 3 B. & P. 181, where the vendor had assigned a leasehold estate to the purchaser, upon payment of part of the purchase-money; and Lord Alvanly was of opinion that the vendor had an equitable lien. No question, however, is made either by Mr. Sugden or by Lord Alvanly, as to whether there was any distinction in this respect between the sale of land and the assignment of a leasehold interest therein.

The case of *Matthew* v. *Bowler*, 31 Eng. Ch. R., page 110, was a case of the sale and assignment of a life interest in leaseholds; and it was held, that the vendor was entitled to a lien on the life estate in the leaseholds, which was the subject of the assignment, for the weekly payment to the purchaser covenanted to be made.

These are the only cases, or *dicta*, which have been cited by counsel, or which we have been able to find, where the question has occurred.

Perceiving no reason for the distinction set up, we think the demurrer should have been overruled.

For this error, let the decree be reversed, and cause remanded for further proceedings.