## Charles H. Fry *v.* W. H. Prewett et al.

1. Vendor's Lien. *Release. Rescission of land sale.*
   If, on rescinding a land sale, the vendee writes an informal quitclaim on the unrecorded original conveyance, he has a vendor's lien to secure a note given by the original vendor as part of the consideration for the reconveyance.

2. Deed. *Consideration. Parol evidence to prove.*
   Parol evidence is admissible, in such case, to show that the note was part of the consideration for the release, although the latter recites as the reason for making it, "the proper owner not having complied with the within deed."

Appeal from the Chancery Court of Pike County.

Hon. T. Y. Berry, Chancellor.

The case is stated in the opinion of the court.

*Lamkin & Safford*, for the appellant.

The parol evidence should have been considered, to establish the connection between the note and quitclaim, and its exclusion was error. *The King* v. *The Inhabitants of Scammonden*, 3 Term Rep. 474; 2 Greenl. on Ev., sect. 26; 3 *id.*, sect. 360;

*Jackson* v. *Pike,* 9 Cow. 69; *Marsh* v. *Lisle,* 34 Miss. 173; *Blake* v. *Morrison,* 33 Miss. 123; *Auding* v. *Davis,* 38 Miss. 576; *Pegues* v. *Mosby,* 7 Smed. & M. 340. The defendant having possession of the land, and not having paid for it, the vendor's lien exists, without regard to what consideration is expressed in the deed. Sugden on Vend., chap. 12, sect. 1; 2 Story's Eq. Pl. 470, sect 1225.

*D. W. Hurst,* for the appellees.

No brief for the appellees was filed in this case.

CHALMERS, J., delivered the opinion of the court.

Appellant, Fry, bought from Prewett certain real estate in the town of Magnolia, for the sum of $3,000, receiving a deed and taking possession. Having owned and occupied it for three years, and having paid the greater part of the purchase-money, but being unable or unwilling to pay the remainder, he sold it back to his vendor for the amount due and for the additional sum of $350, for which latter sum Prewett executed his note.

The deed which Fry held had never been recorded, and the parties supposed that no formal reconveyance was necessary, but that their scheme could be effected by a release of all interest, indorsed upon the deed. Fry and wife therefore indorsed on the back of the deed, in language ungrammatical and ill-chosen, a release and quitclaim "to the within deed to W. H. Prewett, the proper owner not having complied with the within deed."

This writing was signed, sealed, and acknowledged before a justice of the peace; and the deed, thus indorsed, was delivered back to Prewett, who, by virtue of it, took and remained in possession of the property until his death. The note for $350 remaining unpaid, this bill is brought to enforce payment of it, as constituting a vendor's lien on the property. The releaser of any interest in land is a vendor to the extent of his interest, and, as such, may enforce a lien upon it for the unpaid consideration of his release, where no other security has been taken.

While the release in this case is inartificially drawn, it will be treated in equity as that for which the parties intended it, giving to the opposite party the right to demand a more formal conveyance before payment, if desired.

The chancellor excluded all testimony connecting the note with the release, upon the ground that the latter expressed its own consideration in the words "the proper owner not having complied with the within deed," and that it was not competent to contradict by parol the consideration expressed in a deed. It is always competent, and frequently essential, in bills to enforce a vendor's lien, to show by parol that the note sued on was given for the land sought to be subjected; and unless such testimony contradicts a recital of some other consideration, contained in the instrument of conveyance, there can be no objection to the proof. Whether it can be done when a different consideration is expressed, except by a bill to reform the instrument, and enforce the lien as reformed, it is not here necessary to decide.

We do not understand the words "the true owner not having complied with the within deed" (it is doubtful from the phraseology, and want of punctuation, to which party these words refer) as stating the consideration of the conveyance, but only as indicating the reason which has induced the parties to make it. Because of the existence of the fact recited, they have concluded to make on the one side, and to receive on the other, a reconveyance of the property; but the amount to be paid and received, if any thing, is not stated. It is, therefore, a deed of release and quitclaim, and, as such, is a deed of conveyance, in which the price paid, or to be paid, is not stated. Certainly in such a case, where a bill is filed to enforce payment of a note given as the consideration for the release, the note may be identified by parol.

It follows, that the chancellor erred in excluding the evidence and in dismissing the bill.

Decree reversed and cause remanded.