. [No. 13416.   Department Two. — April 2, 1891.]

JOHN RODGERS, RESPONDENT, v. L. C. WITTEN-MYER, EXECUTOR, ETC., APPELLANT.

PAYMENT — RECOVERY OF EXCESS — AGREEMENT TO REPAY — PLEADING. — A complaint shows a cause of action with sufficient certainty for the recovery of an excessive payment, if it alleges, in substance, that the plaintiff, a mortgagor of property, and the defendant, the mortgagee, differing as to the amount due upon the mortgage, agreed that if the mortgagor would pay the amount claimed by the mortgagee to be due, and if it should afterwards be found that the amount so paid was in excess of the amount due, the mortgagee would repay to the mortgagor such excess, and that the amount paid was in excess of the amount due, but that the excess had not been repaid.

ID. — PROOF OF AGREEMENT — COMPULSORY PAYMENT — INSUFFICIENCY OF EVIDENCE. — Evidence to the effect that when the money was paid the plaintiff was prepared to pay the amount claimed under protest, and that when the mistake in the amount was discovered the plaintiff notified the defendant, who agreed to come and see about it, and said that if the plaintiff "was right, it would be right," fails to prove any agreement of the defendant to recoup or repay to the plaintiff any money, or to show that the payment of any excess was made under compulsion.

APPEAL from a judgment of the Superior Court of Contra Costa County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*W. S. Tinning,* for Appellant

*Smith & Murasky,* and *F. Van Norman,* for Respondent.

SHARPSTEIN, J.—This action was brought to recover $427.50, alleged to have been paid in excess of the sum due from plaintiff to defendant upon a certain mortgage held by defendant upon the land of plaintiff. The jury rendered a verdict in favor of plaintiff for three hundred dollars, and defendant has appealed from the judgment and an order denying his motion for a new trial.

The allegations of the complaint are, that the defendant had a mortgage upon land of the plaintiff to secure the payment of six thousand dollars, and interest thereon, and about February 21, 1887, defendant commenced an action to foreclose said mortgage; that in May, 1887, while said action was still pending, plaintiff being desirous of terminating said action and saving further costs to himself therein, and of liquidating and discharging his indebtedness to the defendant under said mortgage and said action, offered to pay to the defendant the mortgage money, interest, costs, and counsel fees due and payable thereunder; that all that was then lawfully due to the defendant by reason of the premises was the sum of $4,000, principal, and the sum of $2,127.50, interest, $150 counsel fees, and $25 costs, making in all $6,302.50, which plaintiff offered to pay, but defendant demanded $6,730. Plaintiff protested against paying more than the said sum of $6,302.50, but said defendant refused to take less than said sum of $6,730, and agreed that she would recoup to plaintiff the difference between said sums, to wit, the sum of $427.50, if it afterwards transpired that a mistake had been made in the calculation of principal and interest and costs aforesaid; that plaintiff thereupon paid to defendant said sum of $6,730,

under protest as to said sum of $427.50. The plaintiff alleges that defendant did make a mistake of $427.50 in said calculation, and although often requested by plaintiff to pay him said sum of $427.50, defendant has not paid the same or any part thereof to plaintiff, wherefore he demands judgment for that sum.

Defendant demurred to the complaint on the ground,— 1. That it does not state facts sufficient to constitute a cause of action; 2. That it is ambiguous and unintelligible.

The demurrer was overruled, and appellant claims that the court erred in overruling it.

The complaint, as we construe it, alleges, in substance, that the plaintiff and defendant differing as to the amount due upon the mortgage, defendant agreed that if plaintiff would pay the amount claimed by defendant to be due, and it afterwards transpired that the amount so paid was in excess of the amount due, defendant would repay to plaintiff such excess. That was sufficient to constitute a cause of action, and we fail to discover any ambiguity or uncertainty in it. We think the demurrer was properly overruled.

The defendant, in her answer, denies that she ever at any time agreed that she would recoup or repay to plaintiff any part of said sum of $6,730, or any sum of money, in any event or for any cause; denies that said sum of $427.50, or any sum paid by plaintiff to defendant, was excess or in excess of the amount due defendant under said mortgage. Several other of plaintiff's allegations are denied in the answer.

Among the particulars specified by appellant, in which the verdict is not justified by the evidence, is the following: "The evidence failing to show any agreement on the part of the defendant to recoup or repay to the plaintiff any sum of money, or any part of the amount claimed in the complaint in any event, the verdict should have been for the defendant."

The evidence of the plaintiff in support of his allegation that the defendant agreed that she would recoup to plaintiff the difference between the sum of $6,302.50 and $6,730, to wit, the sum of $427.50, if it afterwards transpired that a mistake had been made by defendant in her calculation of principal and interest and costs, is extremely meager. It is as follows: "The day the money was paid by Dr. Strentzel, of course I was prepared to pay under protest. I went to Mrs. Riley when I saw the mistake, to her house, me and my son; she lived on Minnie Street, and she agreed to come up here and see about it; this was in 1887. I notified Mrs. Riley of the mistake, and she told me she would come up here and see Mr. Wittenmyer; he attended to her business, and if I was right, it would be right." We think this evidence fails to prove any agreement of defendant to recoup or repay to plaintiff any sum of money whatever, in any event. Precisely what it does mean we will not undertake to explain. But it is insufficient to constitute an agreement of the kind alleged in the complaint, and that is all that we are called on to decide. It is only fair to respondent's counsel to state that his main contention is, that the payment of the sum in excess of the sum which he admits was due was under compulsion. That contention, in our opinion, is unsupported either by the allegations of the complaint or the evidence on the trial.

We think the exceptions to the charge of the court were none of them well taken, and we do not discover any other errors than that the evidence is insufficient to justify the verdict, for which a new trial should be had. For that error, defendant's motion for a new trial should have been granted.

Judgment and order reversed.

McFARLAND, J., and DE HAVEN, J., concurred.