## Lesser Franklin v. Hillsdale Land and Cattle Co. et al.

1. VENDOR'S LIENS—*General Principles—Waiver.*—The lien of a vendor of real estate upon the premises sold, in cases where the purchase money has not been paid and no security taken therefor, stands upon the equitable presumption that it was not intended by the parties that one should part with and the other acquire the premises without payment of the purchase price. The lien exists independent of contract and being secret in character is not favored and may be easily waived or lost.

2. SAME—*Taking Other Security Waives Lien.*—A vendor's lien rests upon the implied agreement between the vendor and the vendee that the vendor shall retain a lien upon the lands sold as security for the purchase money; and the fact the vendor has taken other security rebuts any such implied agreement and is a waiver of the lien.

3. SAME—*Waiver by Taking Other Security—The Rule Applied.*— Land was sold, security taken for part of the purchase price, and an agreement made that for the balance other property was to be taken in exchange. Such property was not delivered and the vendor filed a bill for a lien. *Held*, that the circumstances clearly rebutted any intention to rely upon an implied lien.

4. SAME—*Waiver by Conduct.*—A traded to B certain real estate upon which C held a mortgage, which he released in order that B might get a full and unincumbered title, such as A had contracted to deliver. B had notice that this was done and that a lien upon part of the property which he deeded to A in exchange for that received, was substituted for the lien which was released, yet he said nothing indicating an intention to claim a vendor's lien upon such property to secure the delivery of certain horses forming a further consideration for the trade. *Held*, that he was not entitled to a lien superior to the incumbrance in favor of C.

**Bill**, to foreclose a vendor's lien. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed June 14, 1897.

J. T. BOOZ, attorney for appellant; F. M. BURWASH, of counsel.

The vendor's lien is recognized in this State. No agreement is necessary for its creation. It is presumed to exist until the contrary is shown and the burden of repelling this presumption is on the vendee. Dyer v. Martin, 4 Scam.

146; Trustees v. Wright, 11 Ill. 603; McLaurie v. Thomas, 39 Ill. 291; 28 Am. & Eng. Ency. of Law, 163.

It is a general rule in equity and it requires a very strong case to make an exception, that no man shall be compelled to part with his title till he receives the consideration; and so vigilant are the courts of equity to protect the seller that although an absolute conveyance be made, and no mortgage or other security taken, still in the hands of the vendee, or a subsequent purchaser with notice, the vendor has a lien on the land for his money. Dyer v. Martin, 4 Scam. 146.

As the vendor's lien is based upon the theory that it would be unconscionable that the vendee should hold the land and not pay for it, and as equity regards the substance rather than the form of contracts, it is immaterial, on principle, what shape the refusal or neglect may take. Unless the vendor has evinced an intention by the acceptance of other security, to release the vendee, it must be presumed that he holds the land in trust to pay what he has agreed as the purchase price, and in the case of conditions annexed to a grant and assumed by the vendee, if the performance of the conditions constituted an inducement to the sale, it is as much a part of the compensation to be paid as if the promise had been to pay the vendor as part of the purchase money, a sum equal in amount to the damages sustained by their breach; and the equitable lien will, it is held, attach to the land sold, as well for such damages as for the purchase money. Warvelle on Vendors, page 707; Dayton, etc., Ry. Co. v. Lewton, 20 Ohio St. 401; Bennett v. Shipley, 82 Mo. 448; Elliott v. Plattor, 1 N. E. Rep. 222.

The lien may be enforced although the price was to be paid in specific articles. Harvey v. Kelly, 41 Miss. 490; Winters v. Fain, 47 Ark. 490.

So long as the debt exists courts will not presume that it (the lien) has been surrendered without satisfaction, unless upon clear and convincing testimony. The burden of proof of a waiver rests upon the party alleging it, and as such waiver is largely a matter of intention, if it be doubtful

from all the facts and circumstances, the lien will be presumed to be still in force.   Cole v. Withers, 33 Gratt. (Va.), 186;  Wilson v. Lyon, 51 Ill. 166.

" Generally speaking, the lien of the vendor exists, and the burden of proof is on the purchaser to establish, that in the particular case, it has been intentionally displaced, or waived by consent of the parties."

" The taking of a security for the payment of the purchase money, is not, of itself, as it was in the Roman law, a positive waiver or extinguishment of the lien."   Story's Equity Jurisprudence, Sec. 1224 and 1226;  Mackreth v. Symmons, 15 Ves. 342, 349;  Nairn v. Prowse, 6 Ves. 759, 760;  Garson v. Green, 1 John. Ch. 308; 4 Kent. Com. Lect. 58, p. 152, 153;  Lewis v. Caperton, 8 Gratt. 148;  Plowman v. Riddle, 14 Ala. 169.

Wilson, Moore & McIlvaine, attorneys for appellees.

The implied vendor's lien is a secret incumbrance, which is not looked upon with favor by the courts of this State.

These secret liens on real estate, because generally in point of fact, however it may be in legal contemplation, unknown to the parties to be affected by them, are often productive of much injustice, and ought not to be encouraged.   The whole doctrine of implied liens is of very questionable policy.   As respects third persons, it ought not in anywise to be extended or enlarged.   Trustees of School v. Wright, 11 Ill. 603.

This species of incumbrance upon real estate has never been looked on with favor in this State.   We ought not, therefore, to extend this lien beyond the requirements of the settled principles of equity law.   Whenever, from any circumstance, the court can infer that the vendor did not rely upon this lien for his security the courts have treated it as waived.   Richards v. Leaming, 27 Ill. 431;  Cowl v. Varnum, 37 Ill. 181;  Boynton v. Champlin, 42 Ill. 57;  Doolittle v. Jenkins, 55 Ill. 400;  Kirkham v. Boston, 67 Ill. 599;  Moshier v. Meek, 80 Ill. 80;  Mitchel v. Shaneberg, 149 Ill. 420.

The main principle that governs courts of equity in

enforcing the vendor's lien is the implied agreement existing between the vendor and the vendee, that the former shall hold a lien on the lands sold for the payment of the purchase money. When, therefore, it appears that the vendor did not rely on the lien, this does away with that implied agreement, and courts hold the lien waived. Kirkham v. Boston, 67 Ill. 599 (603).

A vendor's lien is not recognized by our statute and is entirely unknown to the common law, but has been engrafted upon the equity jurisprudence of England from the civil law. It is based upon the implied agreement between the vendor and the vendee that the former shall hold a lien on the lands sold for the payment of the purchase money. Accordingly, where the vendor, parting with the legal estate, takes security other than the personal liability of the purchaser for the payment of the purchase money, he thereby waives his lien. Baker v. Updike, 155 Ill. 54.

The decisions of the other courts of the United States hold the same doctrine, that the taking of security upon the land sold, or part of it, is inconsistent with the vendor's lien, and is a waiver thereof. Avery v. Clark, 87 Cal. 619; Baum v. Grigsby, 21 Cal. 172; Dudley v. Dickson, 14 N. J. Eq. 252; Hadley v. Pickett, 25 Ind. 450; Richards v. McPherson 74 Ind. 158; Porter v. The City of Dubuque, 20 Ia. 440; Stewart v. Harrison, 52 Ia. 511; Gaylord v. Knapp, 15 Hun, 87; Carrico v. Farmers & Merchants National Bank, 33 Md. 235; Briscoe v. Callahan, 77 Mo. 134; Orrick v. Durham, 79 Mo. 174; Perry on Trusts, Section 237; 3 Pomeroy's Eq. Jur., Sec. 1252; 2 Jones on Liens, Sec. 1080.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This appeal is from a decree dismissing the amended and supplemental bill of the appellant for want of equity, and granting the relief prayed by the cross-bill of certain of the appellees.

As the result of certain contracts entered into between the appellee, Hillsdale Land and Cattle Company, of Cheyenne,

Wyoming, and the appellant, Lesser Franklin, of Cook county, the appellant conveyed to the Land and Cattle Company, seven hundred lots in a subdivision known as Franklin Park, in the county of Cook. And it was agreed that for said lots the Land and Cattle Company should convey to appellant, free of incumbrance, twelve hundred acres part and parcel of a certain ranch in Wyoming, and deliver upon said ranch a number of cattle and horses, and assign to appellant certain land grant contracts, and pay $75,000 in money, payable in ten equal annual payments secured by mortgage back to appellant on five hundred of the seven hundred lots.

Pending the closing of the contract it developed that the ranch was incumbered by trust deed to Truman B. Hicks, securing an indebtedness of about $70,000, owed by the Land and Cattle Company to the First National Bank of Cheyenne and one Van Tassell.

To free the ranch from such incumbrances, it was arranged between the Land and Cattle Company and said bank and Van Tassel, that a trust deed by the Land and Cattle Company to Hicks upon the whole seven hundred lots should be substituted for the trust deeds upon the ranch, to secure practically the same indebtedness, and such arrangement was carried out, and the trust deed to Hicks upon the seven hundred lots was delivered and recorded at the same time that the other papers were exchanged and recorded. The trust deed to secure the $75,000, part purchase money, was a first lien upon said five hundred lots, and the trust deed to Hicks was a second lien upon them and a first lien upon the remaining two hundred lots.

There was afterward a failure by the Land and Cattle Company to deliver some of the cattle and horses contracted for to the extent or value, as claimed, of $24,400; and appellant's bill was filed to foreclose a vendor's lien for that amount as being unpaid purchase money for the two hundred lots which were not included in the trust deed to secure the $75,000, but were covered by the trust deed to Hicks, to secure the bank and Van Tassell to the extent of their former and released lien upon the ranch.

The cross-bill was filed by Hicks, the bank and Van Tassell, to foreclose the trust deed to Hicks upon the same two hundred lots—the first trust deed upon the 500 other lots having been already foreclosed, as stated in the decree at bar.

There are numerous reasons why the Circuit Court rightly dismissed the appellant's bill.

The lien of a vendor of real estate upon the premises sold, in cases where the purchase money has not been paid and no security taken therefor, stands upon the equitable presumption that it was not intended by the parties that one should part with and the other acquire the premises without payment of the purchase price. And the lien exists independent of contract, and being secret in character is not favored, and may be easily waived or lost.

All authorities hold that if the vendor takes security he waives his lien. And this is so, because the lien rests upon the implied agreement between the vendor and the vendee that the vendor shall retain a lien upon the lands sold as security for the purchase money, and the fact that the vendor has taken other security, rebuts any such implied agreement.

The authorities in this State and elsewhere are numerous, and without amplification we will merely cite a few of them : Conover v. Warren, 1 Gil. 498; Trustees v. Wright, 11 Ill. 603; Richards v. Leaming, 27 Ill. 431; Burger v. Potter, 32 Ill. 66; Kirkham v. Boston, 67 Ill. 599; Lehndorf v. Cope, 122 Ill. 317; Baker v. Updike, 155 Ill. 54; Brown v. Gilman, 4 Wheaton, 255; Fish v. Howland, 1 Paige Ch. 20; 2 Sugden on Vendors, 384, 385 (8th Am. Ed., notes by Perkins).

The contract at bar was an entire one, and did not, as is contended, separate the two hundred lots from the entire seven hundred. It expressly provided for security being given for $75,000, part of the purchase price of the whole number of lots. For the balance of the purchase price other property was to be taken, as in exchange, clearly rebutting any intention to rely upon an implied lien for it.

The authorities we have cited show that no lien can be

retained under such circumstances. The parties, by their contract, plainly did not contemplate the reservation of a lien by Franklin, and equity will not create one where it is manifest from the contract none was intended by either party.

But upon another ground, no lien should be allowed to appellant, as against the cross-complainants, the bank and Van Tassell.

They released their security upon the ranch in order that appellant might get a free and unincumbered title thereto, under his contract with the Land and Cattle Company to have such. The appellant stood by and had notice that this was done, and a lien upon the 200 lots substituted for that which they released, and which he got the benefit of. By his supplemental agreement with the Land and Cattle Company, he gave time until a date nearly three months after all transactions in connection with the transfer and mortgaging of the real estate took place, for the Land and Cattle Company to deliver other horses, to take the place of cattle and horses originally contracted to be delivered, and said no word indicative of a retention by him of a vendor's lien upon the lots which the cross-complainants, with notice to him, were taking a mortgage upon.

He was then satisfied to take the unsecured agreement of the Land and Cattle Company to deliver the horses to him, and he should not now be heard in equity to deny the priorities over him of the cross-complainants.

We omit discussion of the element of fraud that is argued, for the reason we discover no sufficient evidence to support the argument.

The decree was right, and is affirmed.