[L. A. No. 2633. Department One.—May 12, 1911.]

ROGERS DEVELOPMENT COMPANY (a Corporation), Respondent, v. SOUTHERN CALIFORNIA REAL ESTATE INVESTMENT COMPANY (a Corporation), Appellant.

VENDOR AND VENDEE—EQUITABLE INTEREST OF VENDEE—CONTRACT TO PURCHASE BY VENDOR—WAIVER OF DEFAULT.—A vendee under a contract for the sale of land has an equitable interest therein, and the right to convey the same; and notwithstanding he is in default in making payments under the contract, and the vendor has the right to declare his interest forfeited by reason of such default, such default and forfeiture could be waived by the vendor, and the execution of a contract whereby the vendor agrees to buy the interest of the vendee is a sufficient waiver of the vendor's right to declare the forfeiture.

ID.—CONSIDERATION—SURRENDER OF POSSESSION.—Where the vendee was in possession of a part of the land under the contract of sale, the surrender of such possession to the vendor was a sufficient consideration to support the contract of the vendor to buy the interest of the vendee.

ID.—MUTUAL STIPULATIONS OF PARTIES—ESCROW.—The mutual stipulations of the parties to a contract for the sale of land, that is, the actual conveyance in escrow by one, and the promise of the other to pay the price, both being valid, constituted a sufficient consideration for the contract.

ID.—VENDOR'S LIEN ON INTEREST CONVEYED BY VENDEE.—A written agreement of the vendor to purchase the interest of the vendee for

a stipulated price, and the execution and delivery in escrow of a deed thereof by the vendee to be delivered to the vendor upon the payment thereof, constituted a valid contract between them for the purchase of the vendee's interest. For such unpaid purchase price the vendee has a vendor's lien on the interest conveyed.

ID.—INTEREST TO WHICH LIEN ATTACHES.—A vendor's lien attaches when real estate is sold, although the interest sold may be only an equitable estate, or merely a leasehold interest. Such lien attaches only to the estate or interest for which the price was to be paid, and is not destroyed by the precarious nature of the estate on which it is imposed.

ID.—ACTION TO FORFEIT INTEREST OF VENDEE—COUNTERCLAIM SETTING UP LIEN.—In an action by a vendor to have declared forfeited the rights of the vendee under a contract for the sale of land, to recover possession thereof, and to quiet title thereto, on account of the alleged breach of such contract by the vendee, the latter is entitled, under section 438 of the Code of Civil Procedure, to set up as a counterclaim an indebtedness due him from the vendor under a contract, entered into subsequent to such breach, whereby the vendor agreed to purchase his equitable interest in the land, and to enforce a vendor's lien therefor. Such claim of indebtedness and the lien therefor arose out of the previous contract of sale, and was connected with the subject of the action, being a lien on an interest in the land in controversy.

ID.—JUDGMENT ENFORCING FORFEITURE AND LIEN.—In such action, where the plaintiff establishes his cause of action and the defendant his counterclaim, the plaintiff is entitled to a decree declaring it to be the owner of the land free from all claim of the defendant, except a lien in his favor for the amount of the counterclaim, and the defendant is entitled to a personal judgment against the plaintiff for the price agreed to be paid for his equitable interest, and a decree declaring it to be a lien on such interest.

ID.—JUDGMENT UNDER PRAYER FOR GENERAL RELIEF.—Notwithstanding such counterclaim does not specifically pray for a foreclosure of such lien, a prayer for general relief is sufficient to entitle the defendant to any relief appropriate.

APPEAL from a judgment of the Superior Court of Riverside County and from an order refusing a new trial. F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

Elmer R. McDowell, E. Earl Crandall, and William Hazlett, for Appellant.

Purington & Adair, for Respondent.

SHAW, J.—Plaintiff sued to foreclose agreements for the sale of certain parcels of land, and to recover possession thereof and quiet title thereto, and obtained judgment as prayed for. The defendant appeals from the judgment and from an order denying its motion for a new trial.

On September 14, 1906, the plaintiff and defendant executed six separate written agreements constituting parts of one transaction, whereby plaintiff sold to defendant a number of tracts of land containing, in all, 1154.45 acres, at prices aggregating $154,837.50. The agreements contemplated the subdivision of the land, the sale thereof in smaller parcels by defendant to third persons, and the conveyance of such parcels by the plaintiff directly to such purchasers. It was stipulated that certain parts of the purchase money on such sales should be paid to the plaintiff as a condition precedent to such conveyance, and should be credited to the defendant on the prices to be paid by it. The sum of five thousand dollars was to be paid in cash by the defendant and the balance of the respective prices for the several parcels was to be paid in annual installments thereafter on September 14th of each year. Each of the first five agreements related to a different parcel of land, specifying the price and terms on which it was sold. The sixth agreement applied to the others generally and provided that if defendant paid the five thousand dollars in cash, and at least five thousand dollars each year thereafter for five years, and also paid to plaintiff upon the sale of any subdivisions, as contemplated, the portions of the purchase price called for by the particular agreement covering it, so far as the aggregate of such sales exceeded five thousand dollars annually, then the total price should be reduced to one hundred and twenty-five thousand dollars and defendant was to have ten years thereafter to pay the balance of ninety-five thousand dollars out of sales to third persons as provided in the several agreements.

The cash payment of five thousand dollars was made. On September 18, 1906, a parcel was sold for seven thousand five hundred dollars, all of which was paid to plaintiff and, by a special agreement, was credited solely on the amounts to become due on the second, third, fourth, and fifth agreements. The amounts due thereon, annually, according to the terms of the respective agreements, amounted in all to $7,825. The

first agreement required an annual payment of five thousand dollars. It will thus be seen that the seven thousand five hundred dollars received by plaintiff was not sufficient to pay the amounts due on the last four agreements on September 14, 1907. Defendant claims that, under the general reduction of price and annual payments provided in the sixth agreement, these sums were proportionately reduced and that on that basis only five thousand dollars a year was to be paid on all the agreements and only $3,057.07 annually on the last four agreements, and that therefore the seven thousand five hundred dollars was sufficient to pay the amounts due on those agreements for the years 1907 and 1908, and $1,385.86 of the payment for 1909. But, by the terms of the sixth agreement, this reduction was made conditional and was not to continue in force unless defendant paid the minimum sum of five thousand dollars on all the agreements, at the expiration of each year. Therefore, since the $3,057.07 of the seven thousand five hundred dollars was to be credited only on the annual payments of 1907 on the last four agreements and the balance of that fund was to be reserved for payments of 1908 thereon, the first agreement would be unprovided for. There should have been paid on that agreement the sum of $1,942.93 to make up the five-thousand-dollar payment of September 14, 1907, in order to entitle the defendant to the reduction · in payments and price provided for. This payment was not made. Two payments, amounting to $115, were made in 1906, on account of sales of small lots. No other payments have ever been made. Consequently, the defendant did not comply with the conditions upon which the reduction in payments depended and thereby it forfeited its rights to such reduction and became bound to pay the full prices agreed on upon all the agreements.

Under these circumstances, the plaintiff and defendant, in July, 1908, entered into a contract whereby plaintiff agreed to purchase of the defendant all the right, title, and interest of the defendant in and to all of the said lands, and to pay therefor the sum of fifteen hundred dollars as soon as the abstracts of title thereto were satisfactory and a proper deed was made and delivered. The plaintiff was to see that the abstracts of title were satisfactory and the defendant was to execute the deed and place it in escrow with the Citizens

National Bank, to be delivered upon payment of the fifteen hundred dollars. The deed was executed accordingly, its form was approved by plaintiff and it was delivered in escrow as directed. It is not claimed that the defendant had placed any encumbrance on the land, or that it had parted with any interest it had therein, or otherwise affected the title, but the plaintiff did not have the abstracts of title brought down to date. Plaintiff claims that this devolved on the defendant, but the evidence in the record shows that the plaintiff agreed to attend to it. The defendant alleged the making of this contract and the tender of performance, in its answer and cross-complaint, and prayed judgment for the fifteen hundred dollars, and for general relief. The court found that the answer and cross-complaint in that respect were true. Plaintiff refused to pay the fifteen hundred dollars, or to take the deed. It still remains in escrow for delivery to plaintiff.

Defendant contends that, upon these facts, the court should not have made an absolute decree quieting plaintiff's title, but should have adjudged that defendant was entitled to recover the fifteen hundred dollars and to have a lien on the lands therefor.

We are of the opinion that the defendant was entitled to this relief. It had, under the aforesaid agreements, at the time it made said deed, an equitable interest in the land, which it had the right to convey. We may concede that defendant was then in default in its payments and that the plaintiff might have declared the defendant's interest forfeited by reason of such default. Such default and forfeiture could be waived by plaintiff. The execution of the contract to buy the interest of defendant for fifteen hundred dollars was a sufficient waiver of the right of plaintiff to declare the forfeiture. There is no merit in the claim that the contract was without consideration. The defendant was in possession of the greater part of the land, holding under the agreements aforesaid. In consequence of this contract of plaintiff to repurchase, defendant gave the possession to plaintiff, and it has ever since retained possession of all the lands. The yielding of possession constituted a sufficient consideration for the contract. Inded, the mutual stipulations of the parties, that is, the actual conveyance in escrow by one, and the promise by the other to pay the price, both being valid, constituted

a sufficient consideration.  (*Siddall* v. *Clark,* 89 Cal. 321, [26 Pac. 829] ; *Van Loben Sels* v. *Bunnell,* 120 Cal. 680, [53 Pac. 266] ; *Rodgers* v. *Wittenmyer,* 88 Cal. 553, [26 Pac. 369] ; *Gallagher* v. *Equitable etc. Co.,* 141 Cal. 707, 9 Cyc. 323, 6 Am. & Eng. Ency. of Law, 727, [75 Pac. 329].)   The contract of each in this particular was valid.   The agreement of plaintiff to take the interest of the defendant in the land and pay fifteen hundred dollars therefor was in writing, and the defendant's conveyance, having been duly executed and delivered in escrow, without power of withdrawal by the grantor, was effectual to pass title upon the performance of the conditions by the grantee.  (*Bury* v. *Young,* 98 Cal. 446, [35 Am. St. Rep. 186, 33 Pac. 338] ; *Wittenbrock* v. *Cass,* 110 Cal. 1, [42 Pac. 300] ; *Wilhoit* v. *Salmon,* 146 Cal. 444, [80 Pac. 705] ; 1 Devlin on Deeds, secs. 321, 327, 328, 333.)

The transaction was, in effect, an agreement to rescind the previously executed agreements of sale and to limit and settle the amount to be restored to the defendant as a consequence of such rescission.   It also constituted a sale by the defendant of its interest in the land for a price which has not been paid. It is therefore entitled to a vendor's lien for the price on the interest conveyed (*Burchard* v. *Record,* (Tex.), 17 S. W. 241; *Warren* v. *Fenn,* 28 Barb. (N. Y.) 333; *Anderson* v. *Spencer,* 51 Miss. 871; *White* v. *Blakeman,* 76 Tenn. (8 Lea) 65; *Fry* v. *Prewett,* 56 Miss. 783.)   These cases and many others hold that the vendor's lien attaches when real property is sold, although the interest sold may be only an equitable estate, or merely a leasehold estate.   The lien of a vendor is founded upon the just principle that the vendee ought not to be allowed to keep land unless he pays the price.   It follows from this that it attaches only to the estate or interest for which the price was to be paid.   If the sale is of an equitable interest, only, and is made to one who already has the legal title, the lien will not attach to the legal estate in fee, but only to the equitable interest or estate which was the subject of the sale.   This lien, in the present instance, may not be of much value to the defendant, since the result of its enforcement by foreclosure sale would not be a sale of the fee, but only a sale of the rights which the defendant had under the agreements at the time of the resale, rights which required the payment of large sums of money as a condition

of obtaining any benefit. But the lien is not destroyed by the precarious nature of the estate on which it is imposed.

It is also clear that the defendant had the right, under sections 437 and 438 of the Code of Civil Procedure, to allege this debt and lien as a counterclaim against the plaintiff in this action. The complaint alleges the making of the six agreements, the breach thereof by defendant and consequent forfeiture of defendant's interest and right in the land. The prayer was for a foreclosure of defendant's rights, for the quieting of plaintiff's title, and for the recovery of possession of the land. Section 438 describes a counterclaim as a cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. This claim for the fifteen hundred dollars and the lien therefor arose out of the previous sale, set forth in the complaint, and the breach of said agreements, alleged therein. It was connected with the subject of the action, being a lien on an interest in the land in controversy. It was not, as defendant claims, a complete bar to the plaintiff's action, but it entitled the defendant to some relief which would qualify to some extent the relief to which plaintiff would otherwise be entitled. The plaintiff is entitled to a decree declaring it to be the owner of the land free from all claim or right of the defendant, except a lien in favor of defendant for fifteen hundred dollars, and interest, upon the equitable estate held by the defendant at the time of the execution of the escrow deed. The defendant is entitled to a personal judgment for the fifteen hundred dollars and a decree declaring it a lien as aforesaid. It does not pray for any foreclosure of such lien, but the prayer for general relief is a sufficient foundation for any relief appropriate to the facts stated. Doubtless no foreclosure sale will be necessary. There seems to be no necessity for a retrial. · The material facts are not in dispute and they are sufficiently found in the written decision of the court.

The judgment is reversed and the cause is remanded with directions to enter judgment on the findings in accordance with this opinion.

Angellotti, J., and Sloss, J., concurred.