CHARLES F. KINGSLEY, as Executor of the Estate of GRACE S.
FORSYTHE, Deceased, Plaintiff, v. THE MERVYN REALTY CO.,
INC., Defendant.

Supreme Court, New York Special Term, June 30, 1924.

**Landlord and tenant — action to declare option in lease, giving landlord
right to cancel on sale of premises, exhausted — lease provided for
cancellation on payment of $1,500 and sixty days' notice by landlord —
landlord gave notice, but failed to make payment — cancellation clause
not option to repurchase — lease not terminated — landlord may cancel
lease by giving new notice and making payment — counterclaim for
cancellation of lease dismissed for failure to perform condition.**

A provision in a lease that " in case of sale it is agreed this lease can be cancelled
on the payment to party of the second part of $1,500 but it is agreed that the
(lessor) shall give (the lessee) sixty days notice to vacate " is not an option
to enter into a contract to repurchase the lease, but a condition, the performance
of which would terminate the lease.

Accordingly, the tenant is not entitled to judgment in an action to declare the
option in the lease exhausted and of no effect where the landlord gave the required
notice, but failed to make payment since the abortive attempt to cancel did
not exhaust the right contained in the lease.

The landlord's counterclaim for specific judgment of cancellation should be dis-
missed since the condition has not been performed. The landlord may hereafter
terminate the lease by giving a new notice and making payment in accordance
with the terms of the lease.

ACTION for judgment declaring option contained in lease of no
further effect.

*George K. Hunton (Charles Kingsley*, of counsel), for the plaintiff.

*Hastings & Gleason (Hector M. Hitchings*, of counsel), for the
defendant.

PROSKAUER, J. Plaintiff, tenant, seeks a judgment, declaring
that the option contained in the lease giving defendant the right
to cancel upon sale of the property has been exhausted and is of
no further effect. Defendant counterclaims for judgment that
upon payment to plaintiff of $1,500 he be awarded cancellation of
said lease.

The lease provided that " in case of sale it is agreed this lease can
be cancelled on the payment to party of the second part of $1,500
but it is agreed that the [lessor] shall give [the lessee] sixty days
notice to vacate."

On December 14, 1923, the lessor notified the lessee of the sale
of the premises and continued, " in accordance with the provisions
contained in lease  *  *  *  you are required to surrender said

premises. The undersigned fixes February 14, 1924, as the date when said lease shall terminate, and upon your surrender of the premises, will pay to you the sum of $1,500 in accordance with the provision in said lease." The lessor, however, failed to make payment, insisting mistakenly that surrender by the lessee was a condition precedent to payment. Plaintiff attempts to construe the cancellation clause as an option to enter into a contract to repurchase the lease, which lessor exercised by the notice, and urges that by failure to pay on February fourteenth the lessor breached his contract to repurchase, and thereby lost all rights thereunder.

The cancellation clause, however, was not an option to enter into a contract to repurchase. It was a condition, the performance of which would terminate the lease. The lessor must do two things to perform the condition, give sixty days' notice and pay $1,500. He gave the notice, but failed to make the payment. The lease, therefore, was not terminated. But it does not follow that the lessor cannot hereafter terminate the lease by giving a new notice and paying the $1,500. The condition is not destroyed by failure completely to perform it. An abortive attempt to cancel does not exhaust the right.

Defendant's counterclaim seeks specific judgment of cancellation. This cannot be granted because the condition has not been performed. The landlord must give a new notice and make the payment in accordance with the terms of the lease. Counterclaim dismissed. Judgment for defendant.

Judgment accordingly.