[No. 6,838.—Department Two.]

## JOHN LIEBRAND v. GEORGE OTTO ET AL.

56 242
81 130
56 242
97 657
56 242
128 291
56 242
133 638

DEED OF CONVEYANCE — CONDITIONS SUBSEQUENT — RECONVEYANCE — DE-MAND.—The plaintiff conveyed lands to the defendant upon the conditions subsequent, stated in the opinion of the Court, which the defendant failed to perform. *Held*, in an action to remove the cloud upon the plaintiff's title, first, that no request or demand upon the defendants was necessary under the facts of the case; second, that the plaintiff having been in the possession of the land, the objection that he had been guilty of *laches* in failing to bring his suit within a reasonable time could have no application; and, third, whether the case be regarded as a proceeding in equity to remove a cloud from the plaintiff's title, or as an action for a reconveyance, the plaintiff is entitled to recover.

APPEAL from a judgment for the defendants in the Twentieth District Court, County of Santa Cruz. BELDEN, J.

The facts are stated in the opinion. After the decision in Department, the respondent filed his petition that the appeal be reheard in Bank, and the application was denied.

*Ferdinand J. McCann*, for Appellant.

The theory of the defendants and of the District Court was, that the action is to rescind a contract, or to enforce a forfeiture. This theory is incorrect: it can be neither for the one purpose nor the other. The plaintiff never went out of the possession of these two acres, and on condition broken, *he is considered in*, for the purpose of enforcing the forfeiture. (Hilliard on Real Property, p. 385, § 39; *Lincoln* v. *Drummond*, 5 Mass. 321.)

No suit was necessary for this purpose. And, as entry for condition broken entirely defeated the estate granted and restored the grantor to the former title (Hilliard on Real Property, p. 388, § 49), there was nothing to rescind at the commencement of this action.

Section 638 of Code of Civil Procedure is the same as § 254 of the Practice Act, the uses and purposes of which are explained in *Head* v. *Fordyce*, 17 Cal. 149. There the Court says: "The remedy intended by this section embraces every description of claim whereby the plaintiff might be deprived of the property, or its title clouded, or whereby he might be

incommoded or damnified by the assertion of an outstanding title already held or to grow out of the adverse pretension."

Plaintiff, having avoided the grant by entry for condition broken, has a right of action to have it canceled. (Civ. Code, §§ 3412–14.) And we believe that the complaint states a cause of action entitling the plaintiff to relief.

*Charles B. Younger*, for Respondent.

A demand on defendants should have been alleged, either to perform the conditions named in the conveyance (*Merrifield* v. *Cobleigh*, 4 Cush. 184), or to reconvey the property to plaintiff (*Dodge* v. *Clark*, 17 Cal. 586). The deed was not on condition precedent, and passed the title to the property to the grantees. (*Hihn* v. *Peck*, 30 Cal. 281 ; *Spect* v. *Gregg*, 51 id. 198.) The failure to enclose the property or perform any conditions did not divest the title. (*Nicoll* v. *N. T. & E. R. Co.* 12 N. Y. 121.)

Equity will cancel the grant of the two-acre lot, for the defendant's failure to use it for railroad purposes. Equity never aids to divert an estate for breach of a condition subsequent. (4 Kent, 130 ; Story's Equity Jurisprudence, ¶ 1319 ; *Keller* v. *Lewis*, 53 Cal. 113.)

MORRISON, C. J. :

The appeal in this case is taken from a final judgment of the late District Court of Santa Cruz County on a demurrer to the amended complaint.

The material averments to the pleading are, that the defendant, the Santa Cruz Railroad Company, is a corporation duly organized under the laws of this State for the purpose of constructing, conducting, and maintaining a railroad from the city of Santa Cruz to a point called Pajaro, near Watsonville. That on the 18th day of September, 1873, the plaintiff was, and still is, the owner in fee of a certain tract of land in the city of Santa Cruz (which is particularly described in the amended complaint), upon which the defendant had erected an eating-house, bath-house, etc. That at the time above mentioned, the defendant, the Santa Cruz Railroad Company, proposed to con-

struct, complete, and equip a railroad for passengers and freight from Santa Cruz to Pajaro, and applied to the plaintiff to obtain from him a right of way over his said tract of land, and also a small piece or parcel of said land for a railroad depot. That on the 18th day of September, 1873, plaintiff executed and delivered to the defendants, Cappelman and Otto, a certain deed of trust, whereby he granted to them, in trust for the said railroad company, upon certain conditions to be performed by said railroad company, the following parcels of land, to wit: 1. A strip of land running east and west across the tract of land above described, as wide as necessary for the road-bed, maintenance, and operation of said railroad, not exceeding five hundred feet in width ; and 2nd, two acres of land above described for the purpose of building thereon a railroad depot and shops. That the conditions upon which the parcels of land were granted were to the following effect: 1. That the Santa Cruz Railroad Company should, within a reasonable time after date of the deed, locate and occupy the lands granted, and should construct its railroad and buildings thereon.     *     *     * 3. That the parcel of two acres should be located as a square in the southwest corner of the twenty-acre tract described in the complaint, and should be used exclusively for the purpose of a railroad depot.     4. That within two hundred days after the occupation of said lands, such parts thereof as should be located within the enclosure of plaintiff should be enclosed by the railroad company with a good and substantial fence, at the expense of the company.     5. That should either of said granted parcels of land cease to be used for the purposes for which it was granted, or should it be used for other purposes, said land should revert to the plaintiff.     That no money or other valuable consideration passed at the time for said land, and the plaintiff executed the deed therefor solely upon the representation of the trustees, Cappelman and Otto, that the railroad company would build its depot and shops upon the said two-acre tract as soon as the road should be finished, and that without such representations the conveyance would not have been made.     The amended complaint further avers, that the representations aforesaid were authorized by the company ; that they were false, and were made fraudulently, with the intent to

deceive plaintiff, and to obtain from him, without any consideration, the two acres of land which are in controversy in this suit. The amended complaint further avers, that under and by virtue of said deed, the defendant, the railroad company, on or about the 20th of May, 1875, located upon and occupied the piece of land granted for a road-bed, and on or about the 30th day of June, 1875, completed and equipped its road for passenger travel between the two points above named. There is also an averment in the amended complaint that the defendants never have at any time entered into possession of the two-acre tract, and that they have failed to perform any of the conditions mentioned in the grant with respect to the two-acre tract. There is also an allegation of the following breaches: "That the said defendant, the Santa Cruz Railroad Company, has not, within a reasonable time from the completion of its road, or at any time since the date of the deed, used the same two-acre tract, or any part thereof, for the purpose of a railroad depot or railroad shops. 2. That the said railroad company has never at any time built upon any portion of said two-acre tract of land a railroad depot or railroad shops. 3. That said railroad has not at any time enclosed any part of said two acres of land with a fence or other enclosure. * * * That instead of building a railroad depot and railroad shops on the said two-acre tract, the said railroad company, at the time of its completion of its road, selected another and a different place for its depot and shops, at a point about one mile distant from the said two-acre tract, and has kept and maintained, and still continues to keep and maintain, them at that point."

The plaintiff complains that the trust deed is a cloud upon his title, and prays that the defendants may be compelled to reconvey to him, and that they be declared to have no right, title, or interest in the said two-acre tract of land. To the foregoing amended complaint a demurrer was interposed on behalf of the defendants, and the same was sustained by the Court.

The first point made in the defendant's brief is, that "a demand on the defendants should have been alleged, either to perform the conditions named in the conveyance, or to reconvey the property to the plaintiff." Was a demand necessary in this case to place the defendant, the railroad company, in default?

The averment of the complaint is, " that within two hundred days after the occupation of such lands, such parts thereof as should be located within the enclosure of plaintiff should be enclosed by said railroad company with a good and substantial fence, at the expense of the company " ; and there is an additional averment, that the trustees represented to the plaintiff that the company would build its depot and shops on the two-acre tract as soon as the road was completed. These allegations are admitted by the demurrer. The amended complaint avers, that not only has the defendant, the Santa Cruz Railroad Company, neglected to enter upon the two-acre tract (although its road was completed and equipped in June, 1875), but that it has, in fact, abandoned the intention of using the tract in question for the purposes designed by the gift, and has selected another point for the location of its depot, one mile distant from the land in question.

On the necessity for a demand it is said: "The rule in respect to demand rests upon the same principle with that in respect to notice. It may be requisite either from the stipulations of the parties or from the peculiar nature of the contract ; but where not so requisite, he who has promised to do anything must perform his promise in the prescribed time and in the prescribed way ; or, if none be prescribed, in a reasonable time and in a reasonable way, without waiting to be called upon." (2 Parsons on Contracts, p. 671.)

Story, in his work on Contracts (vol. 2, § 974), says : "Another question to be considered is, when *notice and request to perform are necessary*, the rule is, that where the right to claim the performance of a contract depends upon the occurrence of a certain fact, the promisee is not bound to give notice thereof to the promisor, unless the contract be, to be performed on condition that notice is given ; or unless the fact be peculiarly within his knowledge ; or unless it be reasonably proper under the circumstances of the case. So, also, a request to perform need not ordinarily be averred."

In the case now under consideration the averment is, that the railroad company promised to do a certain thing within two hundred days after they occupied the lands for the purposes of their road, to wit : that they would build a good and substantial

fence around the two-acre tract, and would, within a reasonable time thereafter, construct a depot thereon. The averment is, that they did not enclose the land, and did not construct a depot on the tract, although a reasonable time for that purpose had elapsed since the completion of their road; and futhermore, that they had abandoned the intention of doing so, as was manifested by the fact that the company had chosen another site for its depot. In our opinion, no request or demand was necessary under the facts of this case. (*Gray* v. *Dougherty*, 25 Cal. 266; *Jones* v. *City of Petaluma*, 36 id. 230.)

There is but one other point which we deem it necessary to examine, and that, in the language of the demurrer, is, that it is not alleged why plaintiff lingered so long before bringing this suit. It will be remembered that plaintiff has been in possession of the land ever since the execution of the deed, and that the object of this proceeding is to remove the cloud which the deed casts upon his title. Section 738 of the Code of Civil Procedure provides, that an action may be brought by any person against another who claims an estate or interest in real property adverse to him, for the purpose of determining such adverse claim; and in the case of *Arrington* v. *Liscom*, 34 Cal. 370, 371, the Court says: "We know of no reason why a party who has been in adverse possession for a period of time, which, under the Statute of Limitations, vests him with a title against all the world, may not bring his suit against a party claiming under a record title to have the claim determined and adjudged null and void against him. An apparently good record title would certainly be a cloud upon the title acquired by adverse possession under the Statute of Limitations. It is of record, and when produced makes out a *prima facie* case, which can only be defeated by evidence of adverse possession, which is not of record unless established in a judicial proceeding, but rests in parol, and is liable to be lost, and established with difficulty. Such an apparent record title could not fail to be a cloud that would greatly decrease the value of the title acquired by adverse possession. The Statute of Limitations, as against a party claiming under a written title, would have performed but half its mission as a statute of repose, if the party relying upon

it must wait until he is attacked before he can reduce the evidence of his title to the form of a permanent record. We think a party in possession, whose right is perfected by an adverse possession during the period prescribed by the Statute of Limitations, as well as others, is entitled to bring his action, under § 254 of the Practice Act, to determine an adverse claim or remove a cloud which would thenceforth diminish the value of his property. In this case, the cause of action set up is an adverse possession of some *twelve years*, under a conveyance which gives a title under the Statute of Limitations, and an outstanding conveyance from the same source of title, which, under the circumstances alleged, became a cloud, and which the plaintiff asks to have adjudged to be a cloud, and to have removed.

The above case is a full answer to the objection, that plaintiff did not bring his suit in time.

We have thus far treated the case as a proceeding in equity, to remove a cloud upon plaintiff's title ; but it might also be considered as a suit brought under § 1109 of the Civil Code, which provides, that " where a grant is made upon condition subsequent, and is subsequently defeated by the non-performance of the condition, the person otherwise entitled to hold under the grant must reconvey the property to the grantor or his successors, by grant, duly acknowledged for record."

If the grantee has failed to perform the conditions upon which the grant in this case was made, it is its duty, under the foregoing provision of the Civil Code, to reconvey the property to its grantor.

It is suggested in the respondent's brief, that plaintiff has an adequate remedy in a court of law. But we do not think that he has. He is in possession of the land, and therefore cannot bring ejectment ; and we are not aware of any other legal remedy by which he could obtain the relief prayed for in this suit.

Judgment and order reversed, and cause remanded, with instructions to the Court below to overrule the demurrer to the amended complaint.

MYRICK, J., and SHARPSTEIN, J., concurred.