[Civ. No. 734.   Third Appellate District.—December 3, 1910.]

## JOHN T. WOMBLE, Appellant, v. ALEXANDER M. WOMBLE, SUE M. WOMBLE et al., Defendants; E. I. BRADDOCK, Respondent.

DEED OF INTEREST IN RANCH—CONSIDERATION—PRESUMED ADEQUACY.—
Where the plaintiff, owning a ranch of four hundred and eighty acres, and his wife conveyed an undivided half interest therein to the wife defendant, in consideration of which the husband defendant agreed to pay off a mortgage of $3,000 on the property, to build a ten-room house thereon, to be used as a residence by plaintiff's wife and defendant's wife and their children, and to divide the proceeds of the farm equally, all of which covenants were performed, though certain other personal covenants were not performed relating to the development of mining property, the profits of which were to be shared, it is to be presumed, in the absence of a charge of fraud or mistake when the deed was executed, that the covenants performed were a fully adequate consideration for the grant.

ID.—CANCELLATION OF DEED NOT PERMISSIBLE—ABSENCE OF CONDITION SUBSEQUENT—BREACH OF PERSONAL COVENANT.—No cancellation of the deed is permissible where there is no condition subsequent in the deed to the wife or in the contract of her husband, by which it is provided that a failure to comply with his contract should work a forfeiture of the estate vested in the wife as grantee, or in her successor. A mere breach of the personal covenant of the defendant husband, in reference to a mining project of speculative value, without any definite claim of damage arising from its nonperformance, cannot justify a cancellation of the deed.

ID.—NATURE OF PERSONAL COVENANT—CAUSE OF ACTION FOR DAMAGES FOR BREACH.—A personal covenant binds only the parties to the contract. Any cause of action for damages for the breach of the personal covenant with reference to mining would, if sufficiently stated, lie only against the contracting husband defendant, and not against the grantee or her successors in interest.

ID.—CREATION OF CONDITIONS SUBSEQUENT—FORFEITURE—CONSTRUCTION. Conditions subsequent, when relied on to work a forfeiture, must be created by express terms or clear implication, and are to be construed strictly against a forfeiture, which is not favored in law. Conditions providing for a forfeiture are to be construed liberally in favor of the holder of the estate, and strictly against an enforcement of the forfeiture.

ID.—VENDOR'S LIEN NOT ENFORCEABLE—ABSENCE OF UNPAID PURCHASE MONEY—PERSONAL SERVICE NOT INCLUDED.—No cause of action to enforce a vendor's lien is stated in the complaint, which shows no

part of the purchase money left unpaid. A vendor's lien does not reach any personal service to be performed by the vendee.

ID.—NATURE OF VENDOR'S LIEN—EQUITABLE RIGHT UPON FAILURE TO PAY DEBT DUE.—A vendor's lien is not a specific charge upon the property, but a mere equitable right to resort thereto upon the failure of the vendee to pay a debt due which constitutes the consideration of the transfer. In order that the lien may exist, it is fundamental that there should be an ascertained, fixed consideration of money or its equivalent, whereby there arises a certain absolute debt of the vendee to the vendor from the transfer of the land.

ID.—DIFFICULTY OF SEPARATION OF PURCHASE MONEY — CONFUSION OF PERSONAL SERVICES.—Where there is a confusion of personal services constituting the sum total of the promises representing the consideration for the conveyance, so that it is difficult to separate the purchase money, the vendor's lien will not exist.

ID.—CAUSE OF ACTION NOT STATED AGAINST SUCCESSOR OF VENDEE.—No cause of action for damages is stated against the successor of the vendee, or indeed against any of the defendants. No cause of action is stated against such successor, either for cancellation of the deed, or to enforce a vendee's lien against him.

ID.—JUDGMENT PROPERLY RENDERED FOR SUCCESSOR—FINDINGS—FAILURE TO SUSTAIN BURDEN OF PROOF.—No cause of action having been stated against such successor, judgment was rendered practically upon the pleadings in his favor for costs, there having been a complete failure of plaintiff to sustain the burden of proof against him. If findings were required, they would necessarily be against the plaintiff.

ID.—ERROR NOT SHOWN IN NOT ALLOWING AMENDMENT TO COMPLAINT.— No error is shown in not allowing an amendment to the complaint, where it does not appear that any application was made to amend, and where it is difficult to perceive how it could be so amended as to state a cause of action against the respondent.

APPEAL from a judgment of the Superior Court of Calaveras County.   A. I. McSorley, Judge.

The facts are stated in the opinion of the court.

A. H. Carpenter, and Will A. Dower, for Appellant.

Campbell, Metson & Campbell, for Respondent.

BURNETT, J.—Plaintiff conveyed an undivided one-half interest in real property to defendant, Sue M. Womble, in pursuance of a certain contract executed by said plaintiff and defendant, Alexander M. Womble, in the following terms:

"In consideration of John T. Womble and his wife Mary A. Womble, of the County of Calaveras, State of California, deeding to Sue M. Womble, wife of Alexander M. Womble, of the City and County of San Francisco, State of California, one undivided one-half interest in and to all that certain lots and pieces or parcels of land containing in all four hundred and eighty (480) acres, and more particularly described in the above mentioned deed—That I, Alexander M. Womble, of the City and County of San Francisco, State of California, do bind myself and promise and agree to pay off the mortgage now standing on the records of Calaveras county against the said land, amounting to three thousand dollars; I further agree to build a ten room house on the property, erect hoisting works, sink shafts, and develop the vein or lode known as the Pine Log Lode, which trends through this land, also agree to furnish sufficient money to pay all expenses of putting in 250 acres of land for wheat hay, also to pay all expenses in cutting the hay, baling, etc.   It is agreed and understood that the profits from either source that may be derived from the farm or mine are to be equally divided share and share alike.   Also that the residence now in course of erection shall be equally enjoyed by both the said Mary A. Womble and Sue M. Womble and their children.   I also agree to erect a windmill and put in a force pump and tank for furnishing water to the above-mentioned house.

(Signed)    "ALEXANDER M. WOMBLE."

Plaintiff alleges in his complaint: "That the said Alexander M. Womble has willfully neglected and refused to fulfill or perform the conditions and covenants on his part to be fulfilled and performed by him, as in said agreement provided, namely: That the said Alexander M. Womble, after repeated demands have been continually made upon him, during the period that has elapsed since the execution and delivery of said deed and the agreement given in consideration thereof, for the performance of the terms and conditions of his said contract, has willfully neglected and refused to erect hoisting works on said realty, which has valuable quartz mines beneath its surface, and has likewise neglected and refused to sink a shaft or shafts thereon, and has likewise neglected and refused to develop the vein or lode known as the Pine Log, which trends through said land, which said last three named

covenants were the main and principal consideration for the execution and delivery of the aforesaid agreement. . . . That the said defendant Alexander M. Womble has substantially performed the remaining covenants and conditions subsequent set forth in said agreement of purchase and as are therein specified." It is also alleged that the said E. I. Braddock has or claims to have some interest in the property, but that it is subsequent and subject to the right and claim of plaintiff as his purchase was made with full notice of the existence of said contract of purchase and its nonfulfillment on the part of said Alexander M. Womble. The prayer is that said deed to Sue M. Womble be declared null and void and canceled, and that the property be conveyed to plaintiff or that the defendants' entire interest in said property be sold and the "proceeds of such sale be applied toward the payment of plaintiff for the nonperformance of the conditions subsequent specified in said agreement of purchase and to satisfy plaintiff's lien for the said purchase price of said realty," and for general relief.

There are two aspects in which the complaint may be viewed, first, as contemplating the cancellation of a deed of conveyance and thereby removing a cloud upon the title, and, second, as involving the foreclosure of a vendor's lien for the unpaid purchase price. But it is clear that in neither respect does it state a cause of action.

Why should the deed be canceled? It was executed for a valuable and—as we must presume—for an adequate consideration. It was the product of the voluntary act of the grantors. There is no charge of fraud or mistake or want of good faith at the time the deed was given. It is conceded that the defendant, Alexander Womble, paid off the mortgage of $3,000, built the ten-room house on the property and complied with the other agreements, except he refused to erect the hoisting works and develop what plaintiff considers a valuable mine on said premises. For aught that appears to the contrary, the consideration that passed from said defendant to plaintiff was more than equivalent to the value of the interest conveyed, and there is nothing in said contract of purchase providing that a failure to comply with any of the covenants should work a forfeiture of any interest vested in the grantee. The only pretense of a basis for an action

is disclosed in the averment of the failure of Alexander Womble to fulfill a certain personal covenant in reference to a project of unknown and at best of speculative value, and this without any definite claim of damage to plaintiff by reason of said change of purpose on the part of defendant and without it appearing that said failure was not born of a wise and just regard for the welfare of all parties concerned. At any rate, it is perfectly apparent that if plaintiff have any cause of action it is for damages against said defendant, Womble, and that he has entirely failed to disclose any ground for a judgment against defendant, Braddock.

There is nothing, indeed, in said contract of purchase to show that an estate on condition subsequent was created. To the contrary, as we have seen, it clearly appears that the covenants of which complaint is made are merely personal and bound only the parties to said contract. In support of this there is abundance of authority. In *Behlow* v. *Southern Pac. R. R. Co.*, 130 Cal. 16, [62 Pac. 295], it is held that "Conditions subsequent, especially when relied on to work a forfeiture, must be created by express terms or clear implication, and are to be construed strictly against a forfeiture, which is not favored in law. Conditions providing for a forfeiture are to be construed liberally in favor of the holder of the estate, and strictly against an enforcement of the forfeiture." It is further held that "a provision in the deed by which the railway company agrees, as a further consideration of the grant, to place two stations at a location to be selected by the grantor, at which all trains must stop, is not a condition upon which the estate is granted, and is not available to defeat the estate created by the grant, but is merely a personal covenant on the part of the grantee."

In *Hawley* v. *Kafitz*, 148 Cal. 393, [113 Am. St. Rep. 282, 83 Pac. 248, 3 L. R. A., N. S., 741], the deed contained the following provision: "This deed is given by the parties of the first part, upon the express agreement of the second party to build, or cause to be built, upon the said premises within six months from the date hereof, a dwelling-house to cost not less than fifteen hundred (1500) dollars. Said agreement being considered by the parties hereto as part consideration for this conveyance." No dwelling of any kind was built upon the lot within the six months, and subsequent to the expira-

tion of that period plaintiffs brought the action to have the
right of defendant in said lot declared forfeited and for a
decree requiring a reconveyance to them by defendant of the
property. In discussing the question involved, the supreme
court said: "While no precise form of words is necessary
to create a condition subsequent, still it must be created by ex-
press terms or by clear implication. Merely reciting in a
deed that it is in consideration of a certain sum, and that
the grantee shall do other things specified therein, does not
create an estate upon condition. There must be language
used which is so clear as to leave no doubt that the grantor
intended that an estate upon condition subsequent should be
created—language which *ex proprio vigore* imports such a
condition." The conclusion of the court was that it was a
mere personal covenant, that there was an entire omission on
the part of the grantor to use language which is necessary to
create a condition subsequent or indicating that for noncom-
pliance with the stipulation to build it was the intention of
the grantor that the estate granted should be defeated and for-
feited. The reasons which led to this decision are all present
in the case at bar. In fact, plaintiff here by his complaint falls
short of the showing made in the Behlow or the Hawley case,
*supra.*

*Liebrand* v. *Otto,* 56 Cal. 242, cited by appellant, involves
an entirely different state of facts. There the land was
deeded in trust for a certain purpose upon certain conditions,
and it was expressly provided that should the land "cease to
be used for the purposes for which it was granted, or should
it be used for other purposes, *said land should revert to the
plaintiff,* and no money or other valuable consideration passed
at the time for said land, and the plaintiff executed the deed
therefor solely upon the representation that the railroad com-
pany would build its depot and shops upon the said two-acre
tract as soon as the road should be finished, and that without
such representations the conveyance would not have been
made." It would be hard to find a more palpable illustra-
tion of an estate upon a condition subsequent, and that it is
not in point here is too plain for comment.

It is equally manifest that no vendor's lien is disclosed by
the complaint. This follows from the consideration that no
part of the purchase money is unpaid. Section 3046, Civil

Code, provides for the "lien of the seller of real property" as follows: "One who sells real property has a vendor's lien thereon, independent of possession, for so much of the price as remains unpaid and unsecured otherwise than by the personal obligation of the buyer." As will be observed, the lien is for "so much of the purchase price as remains unpaid." It does not reach any personal service to be performed by the vendee. The cases cited by appellant bear out this view. In *Sparks* v. *Hess*, 15 Cal. 192, it is said by the court, through Chief Justice Field, that "The doctrine that the vendor of real property, after an absolute conveyance, retains a lien for the unpaid purchase money, is well established in England, and prevails, with some exceptions, in the several states of the Union. This lien is not, however, a specific and absolute charge upon the property, but a mere equitable right to resort to it upon failure of payment by the vendee. It is a right founded upon the natural justice of allowing the vendor to subject the property, with which he has parted, to the satisfaction of the debt which constitutes the consideration of the transfer." In order that the lien may exist, it is fundamental that there should be an ascertained fixed consideration, either of money or its equivalent, whereby there arises a certain absolute debt of the vendee to the vendor in consideration of the transfer of the land. (29 Am. & Eng. Ency. of Law, p. 744.) Thus it has been held that the consideration cannot be extended to cover collateral obligations or duties. (*Parrish* v. *Hastings*, 102 Ala. 414, [48 Am. St. Rep. 50, 14 South. 783].) By many of the authorities the rule is stated substantially as follows: "The lien lies only for a debt, which may be either for money or the rendition of services, or any other valuable consideration definite and ascertained and stipulated as the equivalent of the amount of the purchase price and arising out of the sale of land against which the lien is sought to be enforced. Where the agreement is complicated and the vendee covenanted to do other things besides pay the purchase price, as to build a house on the land and the like, and the sum total of all his promises represents the consideration for the conveyance, there is a confusion so that it is difficult to separate the purchase money and the lien will not exist." (*Parrish* v. *Hastings*, 102 Ala. 414, [48 Am. St. Rep.

50, 14 South. 783] ; *Hiscock* v. *Norton,* 42 Mich. 320, [3 N. W. 868].)

The foregoing disposes of the contention that a cause of action is stated against respondent. Indeed, as already appears, no sufficient showing is made even for damages against the other defendants, as there is no definite allegation in reference to any damages suffered by plaintiff.

The defendants, Alexander Womble and Sue Womble, failed to appear, and their default was regularly entered. E. I. Braddock demurred to the complaint upon the ground that it failed to state a cause of action against him. The demurrer was overruled, and Braddock filed an answer and the case was set for trial. At the appointed time plaintiff was called, and in response to questions he gave his name and stated that he was the plaintiff in the action. He was then asked: ''Do you know Alexander M. Womble and Sue M. Womble, defendants in this suit?'' Counsel for respondent objected to ''the introduction of any further evidence in this case, upon the ground that the complaint does not state a cause of action against the defendant, E. I. Braddock.'' The objection was sustained by the court, and plaintiff was thereupon prevented from introducing any other or further evidence in the action. Thereupon, defendant, Braddock, moved for judgment and the motion was granted. The court made findings and gave respondent judgment for his costs.

Appellant complains of the court's action in finding the facts in issue in accordance with respondent's contention. It is claimed that no trial was had and no evidence was taken or received, and therefore that the judgment was rendered against the plaintiff in violation of the provisions of the constitution that no one shall be deprived of his property without due process of law. But the result is the same whether it technically amounted to a trial or not, as it is clear that upon the pleadings defendant was entitled to a judgment for his costs, which was the actual judgment rendered. The orderly course was probably to dismiss the action and award the costs to defendant. No findings of fact were required, as the judgment was one of law—either, that upon the allegations of the complaint plaintiff was not entitled to any relief, or a judgment of nonsuit, since the plaintiff failed ''to prove a sufficient case for the jury.'' If findings of fact were re-

quired they would necessarily be against plaintiff, as he failed
to sustain the burden of proof. But in any event, plaintiff
has suffered no prejudice.

It is also contended that plaintiff should have been allowed
to amend his complaint so as to have the cause tried upon its
merits. It is true that the courts should be liberal in this re-
gard, but it is sufficient to say that it does not appear that
any application was made to amend, and it is difficult, in view
of the facts alleged, to perceive how the complaint could be
amended so as to state a cause of action against respondent.

The judgment is affirmed.

Hart, J., and Chipman, P. J., concurred.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied
by the supreme court on January 31, 1911.