[Civ. No. 9992. First Appellate District, Division Two.—November 26, 1935.]

FRED L. COWAN, Appellant, v. SECURITY–FIRST NATIONAL BANK OF LOS ANGELES (a Corporation) et al., Respondents.

Hansen & Sweeney, Herbert J. Lindstrum and George N. Foster for Appellant.

Keogh, Cate & Colver, Alfred E. Cate, A. W. Lane and M. E. Lane for Respondents.

SPENCE, J.—Plaintiff sought to recover judgment against defendant Eva P. Cowan, his former wife, and defendant Security-First National Bank of Los Angeles, for the sum of $10,000, and to have said sum declared a lien upon certain real property and to have said lien foreclosed. Demurrers were sustained to the original complaint and thereafter to the first amended complaint with leave to amend. Plaintiff then filed his second amended complaint and defendants' demurrers thereto were sustained without leave to amend. Judgment of dismissal was thereupon entered and from said judgment plaintiff appeals.

While the second amended complaint contained three counts, all of said counts were in substance the same and were

based upon the property settlement agreement entered into between plaintiff and defendant Eva P. Cowan on November 28, 1927. The parties thereby divided certain real and personal property and made provision for the custody and support of their minor child. One of the parcels of real property which the wife obtained by the settlement and to which the wife received a quitclaim deed at the time of the execution of the agreement was the so-called "home place". One of the provisions of the agreement read as follows: "It is also agreed by and between the parties hereto that when the wife sells the home place situate at 1421 North Central, in the city of Glendale, Los Angeles County, California, that she will pay to the said husband the sum of Ten Thousand ($10,-000.00) dollars out of the money received from the sale of said property." It was not expressly agreed that the wife should sell forthwith, or within a reasonable time or at any time, and plaintiff did not allege and does not now claim that such was the agreement of the parties.

The property settlement agreement was thereafter recorded. On February 15, 1929, defendant Eva P. Cowan mortgaged said home place to defendant Security-First National Bank to secure her promissory note in the sum of $12,000 and the mortgage was recorded on March 22, 1929. Plaintiff alleged on information and belief in his second amended complaint that said mortgage was given to secure a prior indebtedness. It was further alleged that in November, 1932, said bank commenced an action to foreclose said mortgage without making plaintiff a party to said action and that in January, 1933, the property was sold to said bank on the foreclosure sale following the judgment of foreclosure in said action. Upon the allegation of the foregoing facts, together with allegations of the demand upon and refusal by defendants to pay plaintiff the sum of $10,000, plaintiff brought this action on September 16, 1933, and sought judgment as above indicated. The demurrers of both defendants attacked the sufficiency of the complaint to state a cause of action and also set up the statute of limitations.

Appellant contends that the trial court erred in sustaining the demurrers without leave to amend and entering the judgment of dismissal. In our opinion this contention cannot be sustained. The agreement provided that "when the wife sells the home place—she will pay the husband the sum of

$10,000 out of the money received from the sale of the said property''. The complaint fails to allege that the wife sold the home place at any time, but, on the contrary, it affirmatively shows that the wife mortgaged the home place and that the mortgagee thereafter proceeded to foreclose the mortgage. We believe it clear that the mortgaging of the home place did not constitute a *sale* of the property by the wife, but even if the terms of the agreement could be construed to cover the execution of the mortgage in February, 1929, then appellant's cause of action was barred by the statute of limitations when this action was commenced in September, 1933.

In further support of his contention appellant claims that ''the allegations establish a vendor's lien'' but we find no merit in this claim. Assuming, without deciding, that the relationship of vendor and vendee existed between the parties by reason of the agreement, the terms of said agreement were inconsistent with the theory of a vendor's lien. (*Royal Con. Min. Co.* v. *Royal Con. Mines Co.*, 157 Cal. 737 [110 Pac. 123, 137 Am. St. Rep. 165].) The agreement clearly contemplated that the wife might sell and convey the property free from any claim of the husband in which event the wife was to pay the husband $10,000 out of the money received from the completed sale. The plain wording of the agreement negatived the idea that the husband was to have any lien upon the property enforceable against purchaser thereof. Furthermore, it is essential to the existence of a vendor's lien that there be an absolute debt owing from the vendee to the vendor and the lien cannot exist where, as in the present case, the obligation to pay is to arise only upon the happening of a contingency which may never occur. (*Gard* v. *Gard,* 108 Cal. 19 [40 Pac. 1059]; *Womble* v. *Womble,* 14 Cal. App. 739 [113 Pac. 353]; 25 Cal. Jur., p. 745.) For the foregoing reasons, as well as other reasons which need not be discussed, we conclude that the allegations of the second amended complaint failed to show that appellant was entitled to a vendor's lien against said property.

It may be stated in conclusion that appellant based his claims entirely upon his alleged rights derived from the above-mentioned agreement. He made no allegations of fraud, collusion or bad faith upon the part of the respondents or either of them, and in the absence of such allegations, we

are of the opinion that the appellant failed to state a cause of action.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.