[L. A. No. 20533. In Bank. June 3, 1949.]

MARVIN E. LaHUE et al., Appellants, v. SEYMOUR R. DOUGHERTY et al., Respondents.

Gibson, Dunn & Crutcher, Bert A. Lewis and Samuel O. Pruitt, Jr., for Appellants.

John K. Ford for Respondents.

SHENK, J.—This is an appeal by the plaintiffs from a judgment entered on an order sustaining a demurrer to their complaint without leave to amend.

The complaint is for declaratory relief and alleges the following facts:

Prior to February 1, 1947, the plaintiffs and defendants owned in common and operated as copartners a ranch consisting of approximately one section of land near Lancaster, California. On that date an agreement of dissolution of the partnership and settlement of accounts was executed by the parties. In addition to the dissolution and settlement the agreement provided for a transfer to the defendants of the plaintiffs' interest in the real property and improvements, payment by the defendants to the plaintiffs of $1,500 in cash, and the execution and delivery to the plaintiffs of the defendants' nonnegotiable promissory note in the principal sum of $3,500 payable in five years bearing annual interest of 5 per cent. A copy of the agreement and note is attached to the complaint. The reason alleged for the deferred due date on the note is the defendants' representation that they had incurred considerable expense in remodeling the barn and procuring dairy equipment in pursuit of their intention to operate a dairy on the ranch, and that because of these facts they required postponement on the payment of the principal of the note for the five-year period.

It is also alleged that the only asset of the partnership was the real property and that the $1,500 cash payment and the amount of the note were intended to compensate the plaintiffs for their interest therein; that the obligations of the agreement were performed including the execution by the plaintiffs to the defendants of a quitclaim deed to the premises, and the delivery of the cash payment and the note by the defendants to the plaintiffs.

The complaint and the agreement show that during the partnership period and thereafter a $12,000 note and mortgage was held by a bank against the property. It is alleged that shortly after the settlement of these matters between the parties and the execution and delivery of the deed the defendants sold a substantial portion of the real property for $8,500 which they applied on the mortgage indebtedness.

The plaintiffs allege that the defendants refuse to recognize that the foregoing facts give rise to a vendor's lien on the property for the alleged unpaid balance of $3,500 on the purchase price, and that an actual controversy exists between them relating to the existence of the lien; that the defendants are negotiating for the sale of the remainder of the property and if successful in transferring or encumbering their remaining interest without the prospective transferee's knowledge of the alleged lien, the plaintiffs will be deprived of their right to subject the proceeds of sale or loans to the payment of the $3,500 unpaid on the note. They seek a judicial declaration that they have a vendor's lien against the property to secure the payment of the alleged unpaid portion of the purchase price.

Section 1060 of the Code of Civil Procedure provides that a person interested under a contract or who desires a declaration of his rights or duties with respect to another in regard to property in cases of actual controversy may ask for declaratory relief and that the court may make a binding declaration of the parties' respective rights and duties with the force of a final judgment. Under section 1061 the court has discretion to refuse the relief in any case where the declaration or determination is not necessary or proper at the time under all the circumstances.

By section 3046 of the Civil Code the seller of real property has a vendor's lien thereon, independent of possession, for so much of the price as remains unpaid and unsecured otherwise than by the personal obligation of the buyer, and which

by section 3048 is valid against everyone claiming under the debtor except a purchaser or encumbrancer in good faith and for value. Section 3047 states that an absolute transfer by the seller of the buyer's contract, if there is one, amounts to a waiver of the lien.

It is not contended that the complaint and agreement show a waiver of the alleged lien, or that the plaintiffs have a remedy by foreclosure or otherwise until a cause of action accrues by nonpayment of the note after it becomes due. The trial court's order was predicated on the conclusion that the alleged facts and the provisions of the agreement did not create a vendor's lien. The defendants seek to sustain the judgment by reliance on *Womble* v. *Womble*, 14 Cal.App. 739 [113 P. 353].

In the Womble case the plaintiff sought to cancel a deed of a one-half interest in 480 acres or to foreclose an alleged vendor's lien thereon. A contract showed the consideration for the deed to be assumption of a $3,000 mortgage on the property, and the promise by the defendant to build a 10-room house on the premises, construct a windmill with a tank and force pump to convey water thereto, pay the expense of sowing, harvesting and baling 250 acres of wheat hay, and erect hoisting works on, sink shafts to, and develop a quartz vein or lode trending through the land. The plaintiff alleged performance of all promises except that relating to the quartz vein. A judgment entered on the sustaining of a demurrer was affirmed. It was held that no vendor's lien was disclosed by the complaint because it appeared therefrom that no part of the purchase money remained unpaid; that it must appear that there remains unpaid a portion of the consideration for the purchase of the land which was otherwise unsecured; that the right to the lien was founded on the inequality of permitting the purchaser to have both the land and the money and on the natural justice of allowing the vendor to subject the property with which he has parted to the satisfaction of the debt which constitutes the consideration for the transfer; that the unpaid portion of the price must be some fixed or ascertainable consideration either of money or its equivalent and for the purposes of the lien cannot be extended to cover mere collateral obligations or duties. The foregoing are generally recognized precepts which established an ancient rule independent of codification. (Borchard, Declaratory Judgments (2d ed.), p. 279 et seq.; *Doty* v. *Deposit Bldg. & Loan Assn.*, 103 Ky. 710 [46 S.W. 219, 47 S.W. 433]; *Gerstell*

v. *Shirk*, 210 F. 223, 227 [127 C.C.A. 41] ; *Old First Nat. Bank & Trust Co.* v. *Scheuman*, 214 Ind. 652 [13 N.E.2d 551]; *Avery* v. *Clark*, 87 Cal. 619, 623 [25 P. 919, 22 Am.St.Rep. 272] ; *Finnell* v. *Finnell*, 156 Cal. 589 [105 P. 740, 134 Am.St. Rep. 143] ; *Rogers etc. Co.* v. *Southern California etc. Co.*, 159 Cal. 735 [115 P. 934, 35 L.R.A.N.S. 543] ; *Maltby* v. *Conklin*, 50 Cal.App. 201 [195 P. 280].)

The portion of the opinion in the Womble case on which the defendants place their main reliance is the court's quotation of a rule stated in two cited decisions from sister states to the effect that the debt may be either for money, or the rendition of services if equivalent to the amount of a stipulated purchase price; but that where the agreement is complicated and the buyer covenanted to do other things such as build a house and the like, and the total of all his promises represents the consideration, there is confusion so that it is difficult to separate the purchase money, and the lien will not attach.

■ . Assuming the validity of the rule thereby approved it may be said to have been properly applied in the Womble case. But there is no analogy between the facts of that case and those alleged in the complaint here. There the only unperformed part of the consideration was the agreement to render specified personal services of an unestimated and probably unascertainable value. Here the plaintiffs allege the performance by the parties of all the agreements affecting the settlement of their accounts, and that there remains unpaid as the balance of the consideration for the transfer of the real property the principal sum of the promissory note which is not yet due. To that extent only is it sought to have the vendor's lien declared. The provisions of the dissolution agreement do not necessarily conflict with the truth of the allegations. In any event unlike the Womble case it does not appear that the plaintiffs seek to impose a lien on account of unperformed personal services of an unestimated or unascertainable value which may have been a portion of the consideration for the transfer. Thus a case is sufficiently alleged for the creation of the lien in accordance with the code provisions and the tests approved in the decisions.

■ Since the subject matter is within the contemplation of the relief afforded by section 1061 of the Code of Civil Procedure, and the complaint states sufficient facts showing the existence of the subject matter and a controversy in rela-

tion thereto upon which the court may exercise the declaratory power, it is immaterial that the ultimate result may not be favorable to the plaintiffs. The provisions of section 1061 expressly recognize that the judicial declaration may be either affirmative or negative in form and effect. This is therefore not a case where the court may ascertain the respective rights and duties of the parties prior to trial and determination on the merits of the issues of fact. (*Maguire* v. *Hibernia S. & L. Soc.*, 23 Cal.2d 719 [146 P.2d 673, 151 A.L.R. 1062]; *Columbia Pictures Corp.* v. *DeToth,* 26 Cal.2d 753 [161 P.2d 217, 162 A.L.R. 747]; *Lord* v. *Garland,* 27 Cal.2d 840 [168 P.2d 5].) Upon the trial the plaintiffs would be entitled to present evidence supporting their allegations as to the consideration for the transfer of the real property. (*Field* v. *Austin,* 131 Cal. 379 [63 P. 692]; Code Civ. Proc., § 1962(2).) They should be afforded the opportunity to obtain the only means by which at this stage the alleged vendor's lien may be preserved.

The judgment is reversed with directions to the court to overrule the demurrer and thereupon to proceed in accordance with the views herein expressed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.