486 P.2d 1015

CITY OF BOISE CITY, a political sub-division of the State of Idaho, by and through its mayor, Jay S. Amyx, and its council members Sherman A. Perry, William Onweiler, Ralph F. Frazer, Anna Hettinger, Harold T. Jones and Elmo W. Orr, Plaintiffs-Appellants,

v.

IDAHO BOARD OF HIGHWAY DIRECTORS OF the DEPARTMENT OF HIGHWAYS of the State of Idaho and the individual members thereof et al., Defendants-Respondents.

No. 10721.

Supreme Court of Idaho.

June 29, 1971.

Elbert E. Gass, City Atty., and Randall C. Fredricks, Asst. City Atty., Boise, for plaintiffs-appellants.

Faber F. Tway, Chief Legal Counsel for Idaho Department of Highways, Boise, for defendants-respondents.

McQUADE, Chief Justice.

This appeal arises out of an action by the City of Boise for declaratory judgment to determine its rights in relation to the State of Idaho, in regard to the landscaping of certain Interstate 80 highway interchanges which are a part of the state highway system and located within the City of Boise.

Meetings began between the City and the State in 1964, in an effort to reach an agreement as to the kind of landscaping and the responsibility for maintenance of the landscaped area. Two basic kinds of landscaping were discussed, a "green" treatment and an "arid" treatment. The green treatment involved use of green-type ground cover and other plants that would require fairly expensive care. The arid treatment involved use of plants native to the area, with much lower maintenance cost.

The State suggested that it might landscape the interchanges with the green treatment, if the City would agree to thereafter maintain this landscaping at the City's expense. In the alternative, the

State proposed to install arid treatment landscaping, undertaking the maintenance itself.

The City contended that it was not legally empowered to undertake maintenance of State highway landscaping; that it did not have the power or authority to enter into such an agreement with the State. The City urged that the arid treatment was not appropriate to the area surrounding the interchanges in question, and that the State was required to undertake appropriate landscaping (i. e., the green treatment) and to maintain that landscaping at the State's expense.

The trial court, after a hearing on the State's motion for summary judgment granted the motion stating:

> "[I]t appearing that there is no genuine issue as to any material fact and that the defendants are entitled to judgment as a matter of law;
>
> "NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the defendants have and recover judgment against the plaintiff in this matter." (Tr., page 22)

The main issue of this case presents the question whether the State is required to landscape the Interstate 80 interchanges involved in this dispute, and whether the State is required to maintain this landscaping. Appellant correctly points out that I. C. § 40–123 requires the Department of Highways to maintain all state highways at state expense. Appellant also refers to certain sections of Title 23 of the U.S. Code requiring the state to maintain highways built under the Federal Interstate Highway Program, including shoulders and roadsides. Appellant then cites a further provision of Title 23, U.S.C., which seems to require a certain percentage of federal highway funds allocated to Idaho be spent for landscape and roadside development. No evidence appears to have been offered, nor is it specifically alleged in the complaint, that the State has not expended the required percentage of federal funds on acquisition and development of roadside lands. The complaint only alleges that the State has refused to landscape the interchanges in question in the manner acceptable to the appellant City.

Decisions involving the design and construction of state highways are entrusted to the Idaho Board of Highway Directors (I.C. 40–120[4]). The discretion and judgment of the Board of Highway Directors under I.C. § 40–120 is subject to judicial review only when there is a clear abuse of such discretion. (Villages of Eden and Hazelton v. Idaho Board of Highway Directors, 83 Idaho 554, 367 P.2d 294 [1961]). Landscaping involves architectural and engineering questions and is included as part of the definition of highways under the provisions of I.C. § 40–107. *See also:* State ex rel. Burns v. Kelly, 89 Idaho 139, 403 P.2d 566 (1965); Bare v. Department of Highways, 88 Idaho 467, 401 P.2d 552 (1965).

In effect, what the City is seeking from this Court is a decision that only a green landscaping is appropriate at the Boise interchanges in question. This Court can obviously not go that far and assume a legislative function and decree that only one particular type of landscaping is, as a matter of law, required. The legislature has clearly left such a decision within the discretion of the Idaho Board of Highway Directors.

Appellants also contend the judgment entered by the trial court in this case is legally insufficient, in that it does not make a specific declaration as to the right of the parties to the action. That is, the summary judgment of the trial court, *supra*, is not an adequate answer to the declaratory relief sought by the plaintiffs-appellants in that it is too general and brief. In support of this contention appellants cite Grayot v. Summers, 75 Idaho 125, 269 P.2d 765 (1954). *Grayot* states at page 129, 269 P.2d at page 766 that:

> "The authorities generally hold that in an action for declaratory judgment where the complaint shows a justiciable controversy which should be settled, a general

demurrer thereto should be overruled, although it may appear that the plaintiff's contention is wrong as to his ultimate rights."

Appellants rely heavily on Grayot's citation of 1 Anderson's Action for Declaratory Judgment to the effect that:

"[W]here a complaint in a proceeding for declaratory judgment stated a justiciable controversy, a demurrer should have been overruled, and after the filing of an answer, a decree containing a declaration of right should have been entered." Grayot v. Summers, at page 129, 269 P.2d at page 767.

The question of course is whether or not these words are applicable to the case at hand. The present case involves a motion for summary judgment not a general demurrer. Rule 12(c) states that under the circumstances such as in the case at bar a motion for judgment on the pleadings shall be treated as one for summary judgment and disposed of as provided by Rule 56. Therefore, *Grayot* is probably not distinguishable on the general demurrer verses summary judgment grounds, since *Grayot* states that "A decree containing a declaration of rights should have been entered" in cases such as the one at bar.

■ The next question is whether or not the trial court complied with this requirement in its summary judgment. As can be seen, *supra*, from the judgment, the trial court did use the word "decreed" in its judgment in the present case. The trial court was in no way specific as to its declaration of the rights of the parties to the action. However, the citations in *Grayot* of Anderson say nothing of *specific* declaration of the rights. Therefore, it can be said that the trial court in the present case is within the requirements of *Grayot*, if in fact *Grayot* is applicable to the present case.

■ The next issue involves the appellants' contention that it cannot lawfully enter into a maintenance agreement with the State for the maintenance of the land-

scaped areas. Respondents' countered asserting that this is not a proper case for the determination of the authority of the appellants to enter into a contract for the maintenance of highway landscaping. It appears that respondents are correct in their assertion since they have no legal interest in this question and are not asserting that the appellants have the power to enter into this contract in this particular lawsuit. Therefore, the required adversary positions are lacking. In other words, the respondents' contend that the question of appellants' authority to enter into this maintenance contract cannot properly be answered in this case because no one in this action is contending that appellants have that authority. *See* Whitney v. Randall, 58 Idaho 49, 70 P.2d 384 (1937); State ex rel. Miller v. State Board of Education, 56 Idaho 210, 52 P.2d 141 (1935). *See also* I.C. §§ 40–123 and 40–120(11) which, if the issues of the City's power to contract is deemed to be justiciable, would seem to control the question against the appellants' position that it has no such power to contract.

■ One final issue remains. Appellants cite Policy and Procedure Memorandum, 21–17 of the U.S. Department of Commerce, Bureau of Public Roads, dealing with landscaping and scenic enhancement, for the proposition that the construction of Federal Aid Highways shall be completed in such a manner that the facility has a pleasing appearance appropriate to its environment and that reasonable landscaping is installed to insure this. However, the memorandum is not part of the record in this case and was not before the trial court. *See* Fischer v. Fischer, 92 Idaho 379, 443 P.2d 463 (1968); Neer v. Safeway Stores, Inc., 92 Idaho 361, 442 P. 2d 771 (1968). *See also* I.C. § 9–101. There is some question as to whether or not the memorandum in question can be judicially noticed by this Court. There seems to be little question, as appellants point out, that this Court can judicially notice matters of federal *law*. The question is whether the memorandum involved has

**306**

the force in effect of law since it has not been published in the *Federal Register,* as required by 44 U.S.C.A. §§ 1504, 1505, and 5 U.S.C.A. § 552. Assuming, arguendo, that the memorandum is judicially noticeable, it is not the function of this Court to say that what would constitute a "pleasing appearance appropriate to the environment" of the interchanges in question. Again, we must conclude that such a function properly belongs in the hands of the State Highway Board.

Judgment affirmed.

McFADDEN, DONALDSON, SHEPARD and SPEAR, JJ., concur.